RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY R. MOORE, CLERK
DATE
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **PERRY MAURICE BANKS** | **CIVIL ACTION NO. 08-1909** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **CHAD LEE, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

## MEMORANDUM RULING

Before the Court is Plaintiff Maurice Banks' civil rights complaint filed on December 3, 2008. On April 22, 2009, Magistrate Judge Karen L. Hayes issued a Report and Recommendation [Doc. No. 6], recommending that his complaint be dismissed pursuant to Federal Rule of Civil Procedure 41(b) because Plaintiff failed to comply with a court order. For the following reasons, the Court DECLINES TO ADOPT the Report and Recommendation.

On March 9, 2009, Plaintiff was ordered to amend his civil rights complaint by April 13, 2009. [Doc. No. 4]. Plaintiff failed to do so.

Federal Rule of Civil Procedure Rule 41(b) permits the dismissal of an action for failure to comply with a court order. *See* FED. R. CIV. P. 41(b). However, a dismissal with prejudice is "an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). The United States Court of Appeals for the Fifth Circuit has stated that a dismissal with prejudice is appropriate only when "(1) there is a clear record of delay or contumacious conduct by the plaintiff,. . .(2) the. . .court has expressly determined that lesser sanctions would not prompt diligent prosecution, or [(3)] the record shows that the district court employed lesser sanctions that proved to be futile." *Id.*

In this case, none of the foregoing has occurred. Accordingly, the Court will permit Plaintiff one more opportunity to pursue his claims before resorting to dismissal. A separate notice of intent to dismiss will issue separately.

MONROE, LOUISIANA, this 18 day of May, 2009.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE